

CLERK'S OFFICE
A TRUE COPY
Jun 09, 2026
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  26-M-411 (SCD) |
| Brenden M. Julien D.O.B. XX/XX/1992 | ) | |
| and | ) | |
| Darius K. Triblett D.O.B.X/XX/1994 | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 9, 2026 _____ in the county of _____ Milwaukee _____ in the

_____ Eastern _____ District of _____ Wisconsin _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) | Possession with Intent to Distribute Controlled Substances |
| Title 18, United States Code, Sections 922(g)(1), 924(c), and 2(a) | Prohibited Person in Possession of a Firearm Use of a Firearm in Furtherance of Drug Trafficking Aiding and Abetting the Aforementioned Offenses |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

Steven Cizinsky

Digitally signed by Steven
Cizinsky
Date: 2026.06.09
12:01:24 -05'00'

_____
*Complainant's signature*

Steven Cizinsky, DEA TFO

_____
*Printed name and title*

Sworn via telephone; transmitted via email
pursuant to Fed. R. Crim. 4.1

Date:  6-9-26
_____

_____
*Judge's signature*

City and state:   Milwaukee, Wisconsin            Hon. Stephen C. Dries, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Steven W. Cizinsky, being duly sworn, hereby dispose and state as follows:

## INTRODUCTION AND BACKGROUND

1.     I am a Task Force Office with the Drug Enforcement Administration, (DEA) and have been since January 2025.  Before that, I was employed as a Detective with the City of Waukesha Police Department in Waukesha, Wisconsin, where I spent the last two years as a Detective in the Narcotics and Vice Unit focusing on drug related crimes.  During my tenure as a police officer, I have been involved in multiple drug related investigations to include but not limited to sale, distribution, and Len Bias homicides.  As a Law Enforcement Officer, I worked investigations directly in the City of Milwaukee and the State of Wisconsin as well as the entire United States based upon the direction of the investigations that arise through the Milwaukee District Office (MDO) of the DEA.

2.  As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and have obtained information from them regarding acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology used by the traffickers and abusers of controlled substances. I have participated in all aspects of drug investigations, including physical surveillance, execution of search warrants, undercover transactions, court-ordered wiretaps, analysis of phone and financial records, and arrests of numerous drug traffickers. I have been the affiant on

1

search warrants. I have also spoken on numerous occasions with other experienced narcotics investigators, concerning the methods and practices of drug traffickers and money launderers. Furthermore, I have attended training courses that specialized in the investigation of narcotics trafficking. Through these investigations, my training and experience, and conversations with other law enforcement personnel, I have become familiar with the methods used by drug traffickers to manufacture, smuggle, safeguard, distribute narcotics, and to collect and launder trafficking-derived proceeds. I am further aware of the methods employed by major narcotics organizations to thwart any investigation of their illegal activities.

3. Based upon my training and experience, as well as information relayed to me during the course of my official duties, I know that a significant percentage of controlled substances, specifically marijuana, cocaine, heroin, fentanyl, and methamphetamine, imported into the United States comes from Mexico and enters the domestic market at various points along the southwest border of the United States, because Mexican cartels control the transportation, sale, and importation of cocaine, marijuana, heroin, fentanyl, and methamphetamine into the United States.

4. I have participated in complex narcotics investigations which involved violations of state and federal controlled substances laws and money laundering laws including Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, and Title 18, United States Code, Sections 1956 and 1957, and other related offenses. More specifically, my training and experience includes the following:

2

a.      I have utilized informants to investigate drug trafficking. Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin and throughout the United States;

b.      I have experience conducting street surveillance of individuals engaged in drug trafficking. I have participated in the execution of search warrants where controlled substances, drug paraphernalia, and drug trafficking records were seized;

c.      I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, and methamphetamine. I am familiar with the methods used by drug dealers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

d.      I know that drug traffickers often use electronic equipment and wireless and land line telephones to conduct drug trafficking operations. I am familiar with the language utilized over the telephone or other communication applications to discuss drug trafficking, and know that the language is often limited, guarded, and coded. Additionally, I know that drug traffickers often change their phone numbers and cellular devices on frequent basis in an attempt to thwart law enforcement from tracking their phones and to conceal their identity.

e.      I know that drug traffickers commonly have in their possession, and at their residences and other locations ("stash houses") where they exercise dominion and control, controlled substances, firearms, ammunition, drug proceeds, and records or receipts pertaining their drug trafficking;

f.      I know that drug traffickers used what is refer to as a "stash house" to stow illegal items such as illegal controlled substance, packaging paraphernalia, illegal firearms, ledgers, and US currency. Often times members of drug trafficking organizations have to make stops at the stash locations to pick up illegal controlled substances to deliver. Additionally, drug traffickers will have customers meet drug traffickers near the stash location. Multiple stops can be made in a day at these locations. This is done so the trafficker does not have to carry additional illegal controlled substances in their vehicle or person or maintain them at their residence. This protects the trafficker from law enforcement investigations as they do not have illegal

3

controlled substances on them after the delivery is made or inside their personal residence. Often time the US currency will be transported after the delivery to the stash house to protect against law enforcement investigation and rival drug trafficker's robbery crews.

g.   I know that drug traffickers often put their telephones in nominee names in order to distance themselves from telephones that are utilized to facilitate drug trafficking; and

h.   I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry.  I also know that drug traffickers often use nominees to purchase and/or title these assets in order to avoid scrutiny from law enforcement officials.

5.  I have participated in numerous investigations involving the seizure of computers, cellular phones, cameras, and other digital storage devices, and the subsequent analysis of electronic data stored within these devices. I have also participated in investigations involving the use of historical and prospective location information to identify targets, map patterns of travel, corroborate other evidence, and apprehend persons to be arrested. On numerous occasions, this electronic evidence has provided proof of the crimes being investigated and corroborated information already known or suspected by law enforcement. During the course of my investigations, I have regularly used electronic evidence relating to the commission of criminal offenses, including intent, motive, manner, means, and the identity of co-conspirators.

6.  The facts in this affidavit come my personal participation in this investigation, and my review of a variety of information to include, but not limited to: (a) reports prepared by, and information obtained from, other federal, state, and local law enforcement agents and officers, all of whom I believe to be truthful and reliable; (b)

4

documentary evidence; (c) physical and electronic surveillance; and (d) physical seizures. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation. Because this affidavit is submitted for the limited purpose of securing authorization for a complaint and arrest warrant(s), I have not included each fact known to me concerning this investigation. I have set forth only the facts I believe are essential to establish the necessary foundation for the requested complaint and arrest warrant(s). This affidavit is intended to show merely that there is probable cause for the requested complaint and arrest warrant and does not set forth all of my knowledge about this matter.

7. Pursuant to my official duties, I am submitting this Affidavit in support of an application for complaint and arrest warrants for Brenden M. JULIEN (DOB 4/30/1992), and Darius K. TRIBLETT (DOB 3/11/1994) for violations of federal law, including violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute Controlled Substances) and Title 18, United States Code, Sections 922(g)(1) (Prohibited Person in Possession of a Firearm), 924(c) (Use of a Firearm in Furtherance of Drug Trafficking), and 2(a) (Aiding and Abetting the Aforementioned Offenses), collectively referred to as the Target Offenses.

8. Based on the facts set forth in this affidavit, there is probable cause to believe that the Target Offenses have been committed, are being committed, and/or will be committed by Brenden M. JULIEN (DOB 4/30/1992) and Darius K. TRIBLETT (DOB

5

3/11/1994) ("TARGET SUBJECTS"), as well as other known and unknown persons. I am familiar with the facts and circumstances regarding this investigation as a result of my personal participation in this investigation, and my review of the sources detailed in paragraph 6 as well as other information.

9.     This affidavit is intended to show only that there is sufficient probable cause for the requested criminal complaint and arrest warrants and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

10.     The United States, including, DEA, is conducting a criminal investigation into Brenden M. JULIEN (DOB: XX/XX/1992), who was believed to be engaged in the trafficking of controlled substances, specifically Fentanyl and Methamphetamine, in southeastern Wisconsin. Case agents subsequently identified that Darius K. Triblett (DOB: XX/XX/1994) is involved with JULIEN in the trafficking of these substances.

11.     Based on this investigation, I secured federal search warrants for various residences and vehicles associated with JULIEN and/or TRIBLETT related to drug trafficking. This includes 23XX N. 41st Street, Milwaukee, Wisconsin, 5XX7 N. 64th Street, Milwaukee, Wisconsin, and 5XX3 N. 64th Street, Milwaukee, Wisconsin.

**Warrant Executions on June 9, 2026**

6

12. On June 9, 2026, case agents executed the above-described federal search warrants. JULIEN was located and arrested at 23XX N. 41st Street. TRIBLETT was located and arrested at 5XX3 N. 64th Street.

**23XX N. 41st Street**

13. During the course of the investigation, case agents have used telephone ping data and covert video surveillance to positively identify this residence and confirm that JULIEN is using this location. Case agents believed that this location is used to store narcotics, drug proceeds, and other evidence of JULIEN'S involvement in the target offenses. JULIEN has been observed at this location for long periods of time over the course of the investigation including May 26, 2026. JULIEN has also been observed in multiple vehicles at 23XX N. 41st Street throughout the investigation.

14. Within 23XX N. 41st Street, case agents located:

    a. Numerous identifying documents in JULIEN's name;

    b. A loaded Glock 43X semi-automatic handgun. This firearm was located in JULIEN's bedroom in a safe in the closet;

    c. Approximately $1000 to $2000 in US Currency in the bedroom nightstand of suspected drug proceeds;

15. Based on my training and experience, I believe that this firearm was used by JULIEN in furtherance of his drug trafficking including to protect drug proceeds. I know from my review of his criminal history that JULIEN is a convicted felon. Specifically, according to online Wisconsin Circuit Court Access (CCAP) records, I know

7

that JULIEN was convicted in Milwaukee County case 21CF2778 of the felony offense of 2nd Degree Recklessly Endangering Safety on July 8, 2022. This is a Class G felony, punishable by more than one year of imprisonment and JULIEN was sentenced to 3 years and 6 months of initial confinement followed by 3 years and 6 months of extended supervision. JULIEN is currently on supervision through the Wisconsin Department of Corrections.

**5XX3 N. 64th Street**

16. 5XX3 N. 64th Street is frequented by TRIBLETT. During the investigation, case agents observed TRIBLETT to access this residence before and/or after at least one suspected drug transaction. TRIBLETT has been observed at this location multiple times for both short and long periods including on May 26, 2026.

17. Within 5XX3 N. 64th Street case agents located:

a. Approximately 255 grams of cocaine was located in the northeast bedroom in a handbag within a dresser drawer along with an estimated approximately $25,000 in cash of suspected drug proceeds;

b. Approximately 159.8 grams of cocaine was located in the kitchen cabinet drawer next to the refrigerator along with approximately 40.1 grams of fentanyl .

c. One Glock 23 semi-automatic handgun bearing serial number V7F200 was located on the couch in the living room;

8

d.       Identifiers for TRIBLETT were located in the kitchen, in the hallway, and hallway closet.

18.       Presumptive field testing identified the substances found in 5XX3N. 64th Street as fentanyl and cocaine, respectively.  Based on my training and experience, I believe these quantities of fentanyl and cocaine are consistent with said substances with being held for distribution and not for personal use based, in part, upon the weight of the substances.

19.       Based on my training and experience, I believe that this firearm was used by TRIBLETT in furthering of his drug trafficking including to protect the drugs and suspected drug proceeds.  I know from my review of his criminal history that TRIBLETT is a convicted felon.  Specifically, according to online Wisconsin Circuit Court Access (CCAP) records, I know that TRIBLETT was convicted in Milwaukee County case 18CF456 of the felony offense of Possession of a Firearm by Adjudicated Delinquent on January 25, 2018.  This is a Class G felony, punishable by more than one year of imprisonment and TRIBLETT was sentenced to 12 months imprisonment, imposed and stayed, for two years of probation.

### 5XX7 N. 64th Street

20.       5XX7 N. 64th Street is frequented by both JULIEN and TRIBLETT. During the investigation, case agents used telephone ping/pen data and covert video surveillance to positively identify this residence and confirm JULIEN and TRIBLETT are using this location. Case agents believed that this location is used to store narcotics, drug

proceeds, and other evidence of their involvement in the Target Offenses. JULIEN and TRIBLETT have been observed at this location multiple times for both short and long periods including on May 23, 2026.

21.     Within 5XX7 N. 64th Street case agents located:

a.     Approximately three kilograms (3081.4 grams) of methamphetamine. This was located in the first floor central hallway closet within a black duffle bag.

b.     Approximately 1.5 kilograms (1515.4 grams) of suspected cocaine. This was located in the first floor central hallway closet within a black duffle bag.

c.     Digital scales and packaging materials located in the kitchen cabinets/drawers.

d.     Identifying documents in JULIEN's name and/or Julien Family Care Center located throughout the residence including the kitchen and the living room. There was a bible in the closet where the drugs were found with an inmate note addressed to Brenden with a likely misspelled last that started with a J.

e.     ½ kilogram drug press found in the detached garage;

f.     Jewelry appraisals for various jewelry items were found within this residence for pieces of jewelry located within JULIEN's bedroom in 23XX N. 41st Street.

22.     Keys taken from JULIEN's possession (in the bedroom at 23XX N. 41st Street) opened the door to the 5XX7 N. 64th Street residence.

10

23. Presumptive field testing identified the substances found in 5XX7 N. 64th Street as methamphetamine and cocaine, respectively. Based on my training and experience, I believe these quantities of methamphetamine and cocaine are consistent with said substances with being held for distribution and not for personal use based, in part, upon the weight of the substances.

### CONCLUSION

24. Based on the information above, I submit that there is probable cause to believe that:

    a. on June 9, 2026, JULIEN and TRIBLETT violated Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute Controlled Substances) and Title 18, United States Code, Sections 922(g)(1) (Prohibited Person in Possession of a Firearm), 924(c) (Use of a Firearm in Furtherance of Drug Trafficking), and 2(a) (Aiding and Abetting the Aforementioned Offenses).

11